UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL J. ALBERT,                )
                                  )
        Plaintiff                 )
                                  )
v.                                )   No. 1:17-cv-00404-GZS
                                  )
GENERAL MOTORS LLC,               )
                                  )
        Defendant                 )

MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION
FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

In this products liability action arising from a motor vehicle accident, defendant General Motors LLC ("GM LLC") moves pursuant to Federal Rule of Civil Procedure 14(a) for leave to file a third-party complaint against Brian A. Barker, a nonparty who settled with plaintiff Michael J. Albert prior to the filing of the instant suit. *See* Motion of Defendant General Motors LLC for Leave To File Third Party Complaint ("Motion") (ECF No. 29) ¶¶ 1-10. For the reasons that follow, I grant the Motion over Albert's objection that his "*Pierringer* style release [of Barker] consistent with Maine law" renders GM LLC's impleader of Barker unnecessary. Plaintiff's Objection to Defendant's Motion for Leave To File Third Party Complaint ("Objection") (ECF No. 33) at 2-5.

I. Applicable Legal Standard

Rule 14 provides, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it" but "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). GM LLC

1

appropriately seeks leave of the court to implead Barker, the 14-day period having elapsed. *See* ECF Nos. 7, 29.

"Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically." 6 Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1442, at 341-43 (2010) (footnotes omitted). "[W]hether a third-party defendant may be impleaded under Rule 14 continues to be a question addressed to the sound discretion of the trial court." *Id*. § 1443, at 349 (footnote omitted). In exercising its discretion, the court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999).

## II. Factual Background

Albert was injured on December 11, 2016, when, while driving a 2000 Buick LeSabre southbound on Interstate 95 in Hampden, Maine, he struck a disabled vehicle that was partially blocking his lane of travel. *See* Motion ¶¶ 1-2; Plaintiff's First Amended Complaint ("Amended Complaint") (ECF No. 27) ¶¶ 6, 10, 12. The disabled vehicle was a 2006 Mitsubishi Galant owned and operated by Barker. *See* Motion ¶ 2. Albert seeks recovery from GM LLC for the personal injuries sustained in the crash as a result of alleged defects in the structure of the LeSabre, including the toeboard, footwell, and floor pan. *See id*. ¶ 3; Amended Complaint ¶ 35.

GM LLC asserts that information contained in two crash reports prepared by the Maine State Police suggests that Barker may be at fault, or partially at fault, for Albert's accident. *See* Motion ¶ 4. Those reports indicate that (i) Barker struck a guardrail on the right side of the roadway, following which his vehicle spun around, struck a guardrail on the left side, and came to rest horizontally across the roadway, *see id*. ¶ 5, (ii) Albert struck the disabled Barker vehicle

seconds after Barker had exited it, *see id*. ¶ 6, (iii) a trooper responding to the scene of the accident smelled alcohol and burnt marijuana on Barker's breath, *see id*. ¶ 7, and, (iv) after Barker failed a field sobriety test, he was arrested and transported to the Bangor Police Department for a breath test, which revealed a BAC of 0.10, above the legal limit, *see id*. ¶ 8.

Upon learning of GM LLC's intended motion to join Barker as a party, Albert's counsel advised counsel for GM LLC that Albert had reached a settlement with Barker before filing the instant action and provided a copy of the release. *See id*. ¶ 10. The release provides, in relevant part:

> It is the intention of the Parties hereto that the consideration described above is the total amount RELEASEES will ever pay to RELEASOR or any other person, firm, corporation or other entity including, without limitation, payments as contribution or indemnification, for that portion of any damages to RELEASOR attributable to the RELEASEES' share of responsibility for their damages suffered [as] a result of the Incident. In entering into this agreement, the Parties rely on and agree to follow Maine common and statutory law, including 14 M.R.S.A. §§ 156 and 163. In the event of any suit, action, proceeding or claim arising out of or related in any way to the Incident, damages, or injuries, RELEASOR hereby releases RELEASEES and all other persons and entities, from liability for any portion of any total damages determined or awarded, attributable to the percentage of fault contributed by RELEASEES or for which RELEASEES may be found liable. RELEASOR hereby releases and waives any right he may have to recover from any person or entity any damages from the Incident attributable to RELEASEES' share of responsibility.

Release and Indemnity Agreement ("Release") (ECF No. 33-1), Exh. A to Objection, at 1-2.[1]

### III. Discussion

Albert objects to GM LLC's motion to implead Barker on the basis that, because he and Barker executed a *Pierringer*-style release, GM LLC need not implead Barker to protect its interests, and that doing so will add unnecessary cost and complexity to this case. *See* Objection at 2-5. GM LLC rejoins that, as it understands relevant Maine law, it must implead Barker as a defendant in order to protect its interests. *See* General Motors LLC's Reply to Plaintiff's Objection

---

[1] There are four releasees, including Barker. *See* Release at 1.

to Motion for Leave To File Third-Party Complaint ("Reply") (ECF No. 35) ¶¶ 2-5. I need not definitively decide whose reading of Maine law is correct. Because (i) Albert fails to cite authority squarely in support of the proposition that impleading Barker is unnecessary to protect GM LLC's interests pursuant to relevant Maine law, (ii) GM LLC's proposed third-party complaint against Barker arises from the same nucleus of operative facts as Albert's claims against GM LLC, (iii) there is no dispute that GM LLC has a colorable claim of derivative liability, and (iv) Barker's impleader will add no greater cost or complexity to this case than contemplated by applicable Maine law as GM LLC reasonably construes it, I grant the Motion.

As this court has observed:

> A "Pierringer release" is a third-party release which contractually discharges that portion of the plaintiff's claims which lies against the settling third-party defendant and by which the plaintiff incurs a contractual commitment to reduce, for enforcement purposes, any judgment obtained against other joint tortfeasors by the amount of the third-party settlement. It takes its name from the case of *Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1963), which first ruled on the effect and validity of such releases.

*Stacey v. Bangor Punta Corp*., 108 F.R.D. 72, 74 (D. Me. 1985).

This case, like *Stacey*, is a diversity action brought pursuant to 28 U.S.C. § 1332. *See id*.; Plaintiff's Original Complaint ("Original Complaint") (ECF No. 1) ¶¶ 3-4; Amended Complaint ¶¶ 3-4. Hence, "the substantive law of the state in which the cause of action arises is applicable." *Stacey*, 108 F.R.D. at 74. The parties agree that the applicable substantive law is that of Maine and that the Motion implicates 14 M.R.S.A. §§ 156 (comparative negligence) and 163 (release of joint tortfeasors). *See* Motion ¶¶ 19, 21; Objection at 2-5; 14 M.R.S.A §§ 156, 163.[2]

---

[2] Both Albert and Barker are Maine citizens. *See* Complaint ¶ 1 Amended Complaint ¶ 1; Motion ¶ 2. However, as GM LLC observes, *see* Motion ¶ 17, the filing of a third-party complaint against Barker would not defeat the exercise of diversity jurisdiction, *see, e.g., Z & B Enters., Inc. v. Tastee-Freez Int'l, Inc*., 162 F. App'x 16, 20 (1st Cir. 2006) ("Plaintiff is correct that [defendant] TFI could implead ATF and JF as third-party defendants without breaking this court's diversity jurisdiction even though Plaintiffs, ATF, and JF are all citizens of Puerto Rico.").

4

Section 156 provides, in relevant part:

In a case involving multiparty defendants, each defendant is jointly and severally liable to the plaintiff for the full amount of the plaintiff's damages. However, any defendant has the right through the use of special interrogatories to request of the jury the percentage of fault contributed by each defendant. If a defendant is released by the plaintiff under an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the released defendant's share of responsibility, then the following rules apply.

    **1. General rule.** The released defendant is entitled to be dismissed with prejudice from the case. The dismissal bars all related claims for contribution assertable by remaining parties against the released defendant.

    **2. Post-dismissal procedures.** The trial court must preserve for the remaining parties a fair opportunity to adjudicate the liability of the released and dismissed defendant. Remaining parties may conduct discovery against a released and dismissed defendant and invoke evidentiary rules at trial as if the released and dismissed defendant were still a party.

    **3. Binding effect.** To apportion responsibility in the pending action for claims that were included in the settlement and presented at trial, a finding on the issue of the released and dismissed defendant's liability binds all parties to the suit, but such a finding has no binding effect in other actions relating to other damage claims.

14 M.R.S.A. § 156.

Section 163 provides:

Whenever a person seeks recovery for a personal injury or property damage caused by 2 or more persons, the settlement with or release of one or more of the persons causing the injury is not a bar to a subsequent action against the other person or persons also causing the injury.

Evidence of settlement with a release of one or more persons causing the injury is not admissible at a subsequent trial against the other person or persons also causing the injury. After the jury has returned its verdict, the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons. With regard to a settlement in which the plaintiff has entered into an agreement that precludes the plaintiff from collecting against remaining parties that portion of any damages attributable to the settling defendant's share of responsibility, the judge shall reduce the plaintiff's judgment by either the amount determined at trial to be attributable to the settling defendant's share of

> responsibility, if any was found, or, if no such finding is made, by the value of the consideration given to the plaintiff for the settlement.

14 M.R.S.A. § 163.

Albert reasons that allowing GM LLC to implead Barker is a waste of time and resources because (i) Barker would be entitled pursuant to section 156 to dismissal with prejudice from the case, and therefore "would be out of the case, just as he is now[,]" and, (ii) although sections 156 and 163 "use the word 'defendant' in referring to a joint tortfeasor, it is clear the intention of [those statutes] is to allow a settling tortfeasor to be relieved of involvement in the case as a direct defendant" and, "[i]n effect, to buy his peace." Objection at 3-4. Albert argues that it is clear from the language of the Release that "it has always been [Albert's] intention that the settlement with Mr. Barker be subject to the provisions of 14 M.R.S.A. §§ 156 and 163[,]" and "[t]he fact that the parties settled the case before the suit was initiated, thereby avoiding the necessity for Mr. Barker to be included as a party to the suit, should not change the spirit of these provisions, especially when it is clear from the settlement Release, itself, that [Albert] never intended any other result." *Id*. at 5.

Yet, as GM LLC rejoins, the statutes refer to a "'settling defendant[,]'" not a "'settling tortfeasor[,]'" and section 163 sets forth the procedure pertaining to a "'released defendant[,]'" including "conducting 'discovery against a released and dismissed defendant' and invoking 'evidentiary rules at trial as if the released and dismissed defendant were still a party.'" Reply ¶¶ 2-3 (quoting 14 M.R.S.A. §§ 156, 163).

GM LLC explains, "[w]hile Mr. Barker will surely be dismissed from the case, in order to sufficiently protect its interests, GM LLC interprets the statutes to mean that he must first be added as a party/defendant to protect its statutory rights at and after trial." *Id*. ¶ 5. Against that backdrop, it represents that it "is willing to streamline this process as much as possible[.]" *Id*. ¶ 4.

GM LLC's position is well-taken.  Albert cites no authority for the propositions that sections 153 and 163 should be construed to mean anything other than what they say or that a party's intentions in executing a *Pierringer*-style release can override the plain meaning of those statutes.[3]  Insofar as appears, permitting GM LLC to implead Barker will cause no greater cost or complexity than that contemplated by sections 153 and 163, which Albert and Barker expressly reference in their release and state that they rely on and agree to follow.  *See* Release at 1.

### IV.  Conclusion

For the foregoing reasons, the Motion is **GRANTED,** and GM LLC is **DIRECTED** to file its third-party complaint against Barker forthwith on the docket.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 24th day of June, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] Indeed, one commentator has noted: "When a settlement occurs before suit is brought, the settling party never becomes a defendant.  Thus, he should not be available for jury allocation of fault under section 156, which refers only to defendants." Arlyn H. Weeks, *The Unsettling Effect of Maine Law on Settlement in Cases Involving Multiple Tortfeasors*, 48 Me. Law Rev. 77, 113 (1996).